UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID FRYE, TRUSTEE and<br>INDIANA LABORERS WELFARE,<br>PENSION, TRAINING, AND DEFINED<br>CONTRIBUTION TRUST FUNDS,<br><br>         Plaintiffs,<br><br>     v.<br><br>EARP CONCRETE CUTTING, INC.<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:20-cv-229<br>)<br>)<br>)<br>) |

## COMPLAINT

Come now the Plaintiffs, by counsel, and for a cause of action against the Defendant allege and show to the court as follows:

1. This Court has jurisdiction based upon Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132, and Section 209(a) and (b) of ERISA, 29 U.S.C. §1059(a) and (b), arising from the Defendant's violation and continued refusal to comply with collective bargaining agreements, Trust Plans and Trust Agreements.

2. Plaintiffs Indiana Laborers Welfare, Pension, Training, and Defined Contribution Trust Funds (hereinafter "the Funds") are employee benefit plans within the meaning of Sections 3(1), (2), (3) and (21) and 502 of ERISA, 29 U.S.C. §§ 1002(1), (2), (3), and (21) and 1132. The Funds maintain their office and principal place of business in Terre Haute, Indiana.

3. David Frye, a Trustee of the Funds, is a fiduciary within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and brings this action on behalf of the participants and Trustees of the Funds. David Frye is a resident of Indianapolis, Indiana.

4. Defendant Earp Concrete Cutting, Inc. ("Defendant") is an Indiana corporation with an office and place of business in Valparaiso, Indiana.

5. Defendant is an employer and is a party in interest in industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) and 209 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and (14) and 1059.

6. Defendant is a party to and has agreed to abide by the terms of collective bargaining agreements between itself and LIUNA, State of Indiana District Council. True and accurate copies of the Acceptance of Working Agreements, signed by the Defendant on April 5, 2018 and March 21, 2019, respectively, are attached hereto as Exhibit A.

7. Defendant additionally signed an Assent of Participation with the Funds on April 5, 2018, which binds Defendant to the terms and conditions set forth in the Trust Agreements. A true and accurate copy of the Assent of Participation is attached hereto as Exhibit B.

8. Through the executed collective bargaining agreements, Defendant agreed to file monthly benefit reports and make contributions to the Funds on behalf of its employees. Relevant portions of the collective bargaining agreements are attached hereto as Exhibits C and D.

9. Defendant has failed to make timely contributions to the Funds for and on behalf of its employees and has failed to perform its obligations under the terms and conditions of the collective bargaining agreements and Trust Agreements of the Funds, and is additionally in violation of Section 515 of ERISA, as amended.

10. Despite demands that Defendant perform its contractual obligations, Defendant has failed, neglected, omitted and refused to make those payments.

11. Against Defendant's refusal to comply with the terms and conditions of its collective bargaining agreements, the Funds have no adequate remedy at law, and unless

Defendant is mandatorily compelled to comply with its written obligations, the Funds will suffer irreparable harm.

12. The Funds are entitled by the terms of Section 502(g)(2) of ERISA, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to payment of the delinquent contributions, liquidated damages, and interest, as provided in Section 502(g)(2), 29 U.S.C. §1132(g)(2) of ERISA.

13. The Funds are further entitled by the terms of Section 502(g)(2) of ERISA, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, to their attorney fees incurred in bringing this action against the Defendant.

WHEREFORE, Plaintiffs demand the following relief:

1. A judgment on behalf of the Funds in the amount of Defendant's delinquencies to said Funds, plus liquidated damages and interest assessments, reasonable attorney's fees and costs of this action, all as provided in 29 U.S.C. §1132(g)(2).

2. That the Court retain jurisdiction of this cause pending compliance with its Orders.

3. For such other, further, or different relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Neil E. Gath*
Neil E. Gath, Attorney No. 11193-49
Brandon R. Magner, Attorney No. 35300-49
ngath@gathlaw.com
bmagner@gathlaw.com
GATH LAW OFFICE
P.O. Box 44042
Indianapolis, IN 46244
Telephone: (317) 489-5715
Facsimile: (317) 602-2180
*Attorneys for the Plaintiffs*